# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:06-CR-98-TAV-CCS |
| | ) | |
| TODJI KIJUAN MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 30].  On March 16, 2007, the defendant was convicted of being a felon in possession of a firearm (count one), possession with intent to distribute five grams of crack cocaine (count two), and possession of a firearm in furtherance of a drug trafficking crime (count three).  On July 2, 2007, he was sentenced to sixty months' imprisonment on counts one and two, to be served concurrently, and sixty months on count three, to be served consecutively, for a total of 120 months' imprisonment.

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA").  Pub. L. No. 111-220, 124 Stat. 2372.  The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

The defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (2013).  In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held

that the Equal Protection Clause requires application of the FSA's reduced statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing en banc. Given that motion, the government moved this Court to hold the defendant's motion in abeyance pending resolution of that petition. For reasons explained in a prior order [Doc. 33], the Court held the defendant's motion in abeyance.

The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.*

Accordingly, because *Blewett* no longer supports the defendant's motion for a sentence reduction, the defendant's motion [Doc. 30] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE